## HIND, ROLPH & CO. v. BERTAUT & CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1927. Rehearing Denied March 11, 1927.)

### No. 4780.

Contracts ⬦10(4)—Contract for sale of rice, that buyer's rejection, if accepted by seller, should constitute delivery, held not invalid for lack of mutuality.

A provision in a contract for sale and purchase of 150 tons of rice to be imported, that "rejections by buyer, if accepted by seller, to constitute delivery," *held* not to render the contract invalid for want of mutuality by permitting seller to make delivery of an inferior or different article and by accepting its rejection terminate its liability, but that it required seller to make delivery of rice and buyer to accept the same, with the right to recover damages if the grade or quality was not that contemplated by the contract.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Action by Hind, Rolph & Co. against Bertaut & Co. and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

For opinion below, see 9 F.(2d) 191.

Richard B. Montgomery, of New Orleans, La., for plaintiff in error.

George Denegre, Victor Leovy, Henry H. Chaffe, Harry McCall, and James H. Bruns, all of New Orleans, La., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit on a contract for the sale and purchase of 150 tons of rice. The suit was brought by the seller against the buyer. The petition alleges that the rice was tendered in accordance with the contract, but rejected by the buyer, and thereafter resold at a loss on account of a decline in the market price, and seeks to recover the difference between the resale price and the contract price. The contract provides for the shipment of rice from the Orient, and for the presentation, within ten days after arrival, of a claim for damages or difference in quality. It also contains this clause: "Rejections by buyer if accepted by seller to constitute delivery." The District Judge, being of opinion that the just quoted clause enabled plaintiff to refuse to sell at will, and therefore, as the contract was not mutually binding, relieved defendant of the obligation to buy, sustained an exception of no cause of action, and dismissed the petition. Plaintiff assigns error.

In support of the judgment, the argument is advanced that the seller, by tendering rice of an inferior grade, or even by tendering an altogether different article of merchandise, could compel the buyer to reject the shipment, and then, by accepting the rejection, could entirely escape liability. In the first place, the contract calls for the delivery of rice; a tender of any other article than rice would not bear the semblance of a compliance with its terms. The buyer could not be compelled by the seller to reject rice, but it is true that the buyer was bound to accept delivery in the first instance and pay for rice of an inferior grade, unless relieved of that obligation by consent of the seller. The clause to the effect that a rejection, if accepted, should constitute delivery, cannot be taken literally, but means, as was conceded in the argument, that by such procedure the rights of both parties under the contract could be terminated. It is immaterial that the seller, by accepting the buyer's rejection, could be relieved of all liability. In our opinion, the whole purpose of that clause was to prevent the buyer from rejecting the shipment of rice except by the consent of the seller, and to compel him to accept and pay for it, and rely upon the responsibility of the seller for damages or for a difference in quality. In the absence of rejection and acceptance, all rights were preserved. The seller could keep the contract alive by refusing to accept a rejection, and the buyer could do the same thing by accepting the goods and resorting to a claim for whatever damage he had suffered. Whether these respective rights were equally valuable was a question for the parties. That there was a consideration for defendant's promise cannot well be denied.

The contract shows that plaintiff, although it was not willing to import a large shipment of rice without being protected against its outright rejection, bound itself by a warranty of quality of the goods to be shipped, and agreed to make good any claim for damages.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.